IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRYSTAL FAITH SAUL,

          Plaintiff,

v.                                     CIVIL ACTION NO. 2:09-cv-1008

MICHAEL J. ASTRUE
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge submitted findings of fact on September 20, 2010, and recommended that the Court affirm the final decision of the Commissioner and dismiss this action from the Court's docket. On October 7, 2010, Plaintiff Crystal Faith Saul filed timely objections to the Magistrate Judge's PF&R.

The Court has reviewed *de novo* those portions of the Magistrate Judge's PF&R to which Plaintiff objects. For the reasons set forth below, the Court declines to adopt the PF&R and **REMANDS** this action to the Commissioner of Social Security for further proceedings in accordance with the Court's opinion.

### *I. FACTUAL BACKGROUND & SUMMARY OF OBJECTIONS*

Plaintiff seeks disability insurance benefits and supplemental security income pursuant to Titles II and XIV the Social Security Act, respectively. (Docket 10 at 1.) She was denied benefits on at least four occasions—two administrative applications, one administrative hearing before an administrative law judge (ALJ), and an appeal of that decision to the administrative appeals council. (Docket 13 at 1.) Plaintiff claims disability based on back pain, rib pain, diabetes, obesity, and depression and anxiety. (*E.g.*, Docket 10 at 2.) On September 4, 2008, the ALJ denied Plainitiff's applications for disability insurance benefits and supplemental security income based on his findings that Plaintiff is not disabled under relevant law. (Docket 9-2 at 25.) On July 19, 2009, the Social Security Administration (SSA) Appeals Council affirmed the ALJ's decision, rendering the ALJ's denial of benefits the official position of the Commissioner of Social Security. (*Id.* at 2-5.) Plaintiff appealed the decision of the ALJ to this Court on September 16, 2009. She asserts that the decision was not based on substantial evidence for two reasons. First, Plaintiff states that "[t]he ALJ [sic - ALJ's] reasons for rejecting the opinions of Mareda Reynolds, examining psychologist, are not based on substantial evidence." (Docket 10 at 2.) Second, Plaintiff asserts that "[w]hile the ALJ referenced the opinion of the treating physician, he failed to comply with 20 C.F.R. § 404.1527 by failing to provide any reasons whatsoever for his rejection of this opinion." (*Id.*) The Magistrate Judge recommended that the ALJ's opinion be affirmed because (1) substantial evidence supports the ALJ's rejection Dr. Reynolds's opinions and (2) any omission related to the treating physician was harmless error. (Docket 13 at 21-23.)

## *II. STANDARD OF REVIEW*

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.§ 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. ANALYSIS

Plaintiff's second allegation of error challenges the ALJ's decision as procedurally deficient. Specifically, Plaintiff contends that the ALJ failed to provide adequate reasoning for his rejection of a treating physician's opinion, as required by 20 C.F.R. § 404.1527(d)(2).

*A. Treating Source Rule*

20 C.F.R. § 404.1527(d)(2) requires the ALJ to "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination. This requirement is part of the "treating source" regulation adopted by the SSA in 1991. *See generally Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832 (2003). The "treating source" regulation requires the ALJ to give the opinion of a treating source "controlling weight" if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the treating source opinion is not afforded controlling weight because it does not meet these criteria, the ALJ must then determine what, if any, weight to give the opinion by examining several regulatory factors (e.g., length of the treatment relationship and frequency of examinations). *See id.* The regulation contains a clear pronouncement that the SSA "will always give good reasons in our notice of determination or decisions for the weight we give [a claimant's] treating source's opinion." *Id.* Furthermore, a Social Security Rule explains that every SSA decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5

(July 2, 1996). The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, and it "also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)).

The Supreme Court has long recognized a federal agency's obligation to abide by its duly promulgated regulations. *See, e.g.*, *Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). Consistent with this principle, federal courts have remanded decisions of the Commissioner when they fail to articulate "good reasons" for discrediting the opinion of a treating source, as expressly required by 20 C.F.R. § 404.1527(d)(2). *See, e.g.*, *Holloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion."); *see also Stroup v. Apfel*, 205 F.3d 1334, at *6 (4th Cir. 2000) (unpublished table decision) ("Because the ALJ did not explain adequately why the reports of [other physicians] were a sufficient basis for rejecting [the treating physician]'s opinion, we cannot determine whether the ALJ properly rejected [the] treating physician's opinion 'as inconsistent with the other substantial evidence in the record.' We therefore must remand the case to the ALJ for a new hearing . . . ." (quoting 20 C.F.R. § 404.1527)); *Slayton v. Apfel*, 175 F.3d 1016, at *3 (4th Cir. 1999) (unpublished table decision) (remand appropriate where "ALJ did not indicate the weight given to the findings of each of the treating physicians.").

*B. ALJ's Findings Regarding Dr. Elkins*

In his decision, the ALJ acknowledges that Dr. Elkins is Plaintiff's "treating family physician." (Docket 9-2 at 18.) Accordingly, any opinion evidence from Dr. Elkins relating the Plaintiff's status as disabled must be afforded controlling weight or otherwise weighed and explained according to the factors in 20 C.F.R. § 404.1527(d)(2). A medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and . . . physical and mental restrictions." 20 C.F.R. § 404.1527(a)(2). In June 2006, Dr. Elkins filled out an assessment on Plaintiff's behalf, so that she could obtain a medical card from the West Virginia Department of Health and Human Services. (Docket 13 at 23.) That assessment indicates, in relevant part, that Plaintiff is "anxious appearing," "feels [her] depression is worsening," and has several orthopedic problems. (Docket 9-8 at 81.) Dr. Elkins lists his diagnosis as "chronic back pain, left ankle pain, depression, DM, HTN." (*Id.* at 82.) Elkins further indicates that in his opinion, due to "multiple problems [listed] above," Plaintiff is unable to work full-time at her customary occupation or perform other full time work. (*Id.*) An additional note reads: "Doubt she will work in foreseeable future. Needs medical care/consults." (*Id.*) At the administrative hearing, Plaintiff stated that although the facility at which Dr. Elkins works "refuses to provide [residual functional capacity assessments]," the state assessment in the record "has some various and more information to what a traditional [residual functioning capacity assessment] would retain." (Docket 13 at 22.) The Magistrate Judge suggests that the ALJ overlooked Dr. Elkins's assessment when determining Plaintiff's residual functioning capacity because the assessment is not on an SSA form and

Plaintiff's counsel stated that it was not a "traditional" functional capacity assessment. (*Id.*) Regardless of the reason, however, not only did the ALJ fail to "give good reasons" for his decision to discredit Dr. Elkins's opinions and conclusions, he utterly failed to acknowledge the existence of Dr. Elkins's assessment. The relevant regulation indicates that Dr. Elkins's assessment qualifies as the medical opinion of a treating physician, and it is therefore entitled to either controlling weight or an explanation of the weight it is afforded pursuant to the factors in 20 C.F.R. § 404.1527(d)(2).

*C. Harmless Error*

The Magistrate Judge recommends affirming the decision below because the ALJ's omission is harmless error, and she states that "evidence of record . . . does not support a finding that [Plaintiff] was totally disabled by her impairments." (Docket 13 at 23.) Harmless error holds that "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010); *see also Morgan v. Barnhart*, 142 F. App'x 716, 722-23 & n.6 (4th Cir. 2005) (unpublished) ("[R]eversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached."). However, harmless error does not permit remand on the basis that the court "can find enough evidence in the record to establish that the [ALJ] might have reached the same result had she considered all the evidence and evaluated it as [the court] does." *Spiva*, 628 F.3d at 353. Simply put, the fact that the ALJ *might* have reached the same decision had he considered the entire record does not render his failure to consider the entire record harmless.

The Sixth Circuit faced this issue in *Wilson v. Commissioner of Social Security*, where it held that the Commissioner is required by his regulations at 20 C.F.R. § 404.1527 to give good reasons for rejecting a treating source opinion, and that a failure to do so could be grounds for reversal even if the decision was otherwise supported by substantial evidence.  *See* 378 F.3d 541, 546-47 (6th Cir. 2004).  In *Wilson*, the ALJ acknowledged the treating source opinion, but failed to give detailed findings about the weight he assigned the opinion, instead baldly rejecting it.  Before the district court, the Commissioner argued that affirmation was appropriate because "the ALJ's rejection of [the treating source] opinion [was] supported by substantial evidence, as the ALJ 'could' have relied on evidence in the record . . . to reject the opinion."  *Id.* at 546.  The Sixth Circuit plainly rejected that argument, stating that "[a] court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely."  *Id.* at 546-47.  "To hold otherwise," the court continued, "and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory."  *Id.*

In this case, the ALJ utterly failed to acknowledge the existence of Dr. Elkins's assessment.  Regardless of whether the assessment was performed in anticipation of the SSA disability determination or for another reason, the assessment contains opinions and conclusions that are relevant to Plaintiff's residual functional capacity.  Those opinions and conclusions should have been afforded controlling weight or evaluated according to the factors listed in 20 C.F.R. § 404.1527(d)(2).  Because the ALJ did not mention the Elkins assessment, a reviewing court is unable to determine the weight given the treating source opinions, or even if the ALJ considered

those opinions in reaching his conclusion. It is impossible to say whether the ALJ would have reached the same conclusion had he applied the procedures described in § 404.1527(d)(2) because no one knows how the ALJ viewed Dr. Elkins's opinions and conclusions, or if he considered them at all.

## *IV. CONCLUSION*

The ALJ failed to comply with 20 C.F.R. § 404.1527 by neglecting to provide any reasons whatsoever for his rejection of Dr. Elkins's opinion. Because the Court concludes that this point warrants remand, there is no need to address Plaintiff's other allegation of error. This action is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER: March 28, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE